

# COMMONWEALTH of VIRGINIA
## Secretary of the Commonwealth

POST OFFICE BOX 2452

RICHMOND, VIRGINIA 23218-2452

January 19, 2011

Lisa Woodcock
United States District Court
Eastern District of Virginia
Newport News Division
600 Granby Street
Norfolk, Va. 23510

Ms. Woodcock,

We are in receipt of papers concerning Sterling Financial, Inc.; case number 4:10cv102.

We have no dealings with this company; we may have served them papers which is why you have our address.

I am enclosing the papers we received.

If you have any questions please contact me.

Thank you,

*Charlotte J. Harris*

Charlotte J. Harris
Assistant Director of Service of Process
Secretary of the Commonwealth's Office
1111 East Broad Street, 4th Floor
Richmond, Va. 23219
804-225-9635 (P)   804-786-9549 (F)
charlotte.harris@governor.virginia.gov
www.commonwealth.virginia.gov

STERLING FINANCIAL, INC.
Serve: Secretary of the Commonwealth
1111 East Broad Street, 4th Floor
Richmond, Virginia 23219

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



TOMMY L. ADAMS,

    Plaintiff,

v.

    Civil Action No. 4:10cv102

STERLING FINANCIAL, INC.,

and

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

### MEMORANDUM ORDER

Presently before the court is plaintiff's motion for default judgment, filed on October 22, 2010, pursuant to Federal Rule of Civil Procedure 55(b). Defendant Sterling Financial, Inc. ("Sterling") was served with a summons and complaint on September 21, 2010. The time for Sterling to file a responsive pleading expired in mid-October, and Sterling failed to respond to the complaint by such deadline. At plaintiff's request, the Clerk entered default on October 25, 2010. More than two months have elapsed since the entry of default and Sterling has still failed to file any pleading, motion, or other paper with the court. Although the pending motion for default judgment appears meritorious, the court finds that it is inappropriate to grant such motion at this time because doing so could result in inconsistent judgements. Accordingly, the motion for default judgment will be **STAYED** pending the resolution of this case as to the responding defendant.

Rule 54(b) of the Federal Rules of Civil procedure indicates that a district court is permitted to enter final judgment against one of several parties "only if the court expressly

determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). In Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872), the United States Supreme Court cautioned courts to avoid entering default judgment against a single defendant in a joint liability situation if doing so might lead to inconsistent judgments. As this court recently recognized, "[t]he Fourth Circuit has held that Rule 54(b) broadens the joint liability rule from Frow so that 'just reason for delay' now includes preventing inconsistent judgments in situations in which multiple defendants are jointly and/or severally liable." Vick v. Wong, 263 F.R.D. 325, 332 (E.D.Va. 2009) (citing United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944 (4th Cir. 1967)); see Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 435 (E.D. Va. 2006) ("[T]he Fourth Circuit has concluded that Frow applies not only to defendants who are alleged to be jointly liable, but also to those defendants thought to be jointly and/or severally liable, or who are otherwise closely interrelated.").

Here, after reviewing the complaint and the responding defendant's answer thereto, the court cannot certify that there is "no just reason for delay" regarding the entry of final judgment against Sterling. On the contrary, not only does plaintiff's complaint expressly state that all defendants should be held "jointly and severally liable" (Compl. ¶ 11), but the responding defendant asserts as an affirmative defense that, contrary to plaintiff's allegations, such defendant reported truthful and accurate information about plaintiff's credit.[1] Should the responding defendant succeed in proving that the facts alleged by plaintiff are untrue, such showing would likely inure to Sterling's benefit.

---

[1] The second responding defendant, Equifax Information Services, LLC, has entered into a settlement with plaintiff and was dismissed from this case by order dated January 4, 2011.

2

As set forth above, Rule 54(b) and the guidance provided by the Fourth Circuit in Peerless prevent this court from entering default judgment against Sterling at this time. Accordingly, plaintiff's motion for entry of default judgment against Sterling is **STAYED** pending resolution of this case on the merits as to the responding defendant. Because Sterling has not filed a timely responsive pleading, has not moved to set aside default, has not filed a brief in opposition to the instant motion for default judgment, and has not otherwise appeared in this case, the Clerk's entry of default remains in place with respect to Sterling.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record and to the defaulting defendant. As to the responding defendant, a Rule 16(b) scheduling conference should be conducted as soon as practicable.

It is so **ORDERED**.

/s/

Jerome B. Friedman
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Va.
January __7__, 2011

3